IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARIN LEE DANIEL,

    Plaintiff,

v.       CASE NO. 4:14-cv-627-RH-GRJ

TERRY LANGLEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court for screening Doc. 1, a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's Complaint arise out of his arrest in March, 2006 in Carroll County, Georgia, and his subsequent trial and conviction in April, 2009 in Superior Court in Carroll County and has no connection whatsoever to the Northern District of Florida. For the reasons discussed below, the Complaint is due to be dismissed because venue is improper in the Northern District of Florida.

### I. Plaintiff's Allegations

Plaintiff alleges that In March 2006, Defendant Mike Fritz of the Carroll County Sheriff's Office arrested Plaintiff on drug charges in Carroll County, Georgia. (Doc. 1 at 7.)  Plaintiff was tried and convicted in the Superior Court in Carroll County, Georgia in April, 2009. *Id.*  Plaintiff alleges that Defendant Fritz used perjured testimony at trial, obtained an illegal arrest warrant, and violated his constitutional rights during his state habeas corpus hearing. *Id.* Plaintiff claims that the case was never presented to a grand jury for an indictment. *Id.*  Plaintiff further states that his counsel, who

represented him at trial, could have prevented the constitutional violations from occurring. *Id.*

Plaintiff also alleges that he wrote a grievance on this matter to Brian Owens, the Commissioner of the Georgia Department of Corrections, on both the institutional and state level. (Doc. 1 at 8.)  Without alleging any other conduct by Defendant Owens, Plaintiff alleges that Owens denied the grievance on October 6, 2014. (Doc. 1 at 8.)

Plaintiff also includes Terry Langley, the Sheriff of Carroll County, and Carroll County as Defendants. (Doc. 1 at 7.)

## II.  Discussion

Venue is proper in a civil action only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).  There is no reason this case should have been filed here and there is no basis whatsoever to demonstrate proper venue in the Northern District of Florida. Plaintiff is incarcerated in Georgia, at Spalding County Correctional Institution.  All of the Defendants named in the Complaint are citizens of  Georgia.  And all the events giving rise to this claims in this case occurred in Georgia.  Accordingly, the Northern District of Florida is not the proper venue for this action.

Under 28 U.S.C. § 1406, the district court of a district where venue is improper "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought." 28 U.S.C. § 1406(a)(emphasis added). Generally, transferring a case to another district is in "the interest of justice" when dismissal would result in the claim being time-barred on refiling in the proper forum. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). Transfer is not warranted in this case because Plaintiff's claims against Defendants Fritz, Langley, and Carroll County, Georgia, already are time barred. As alleged in the complaint, Plaintiff's cause of action accrued between 2006 and 2009 when he was arrested and convicted in Georgia. Consequently, the applicable statute of limitations ran before Plaintiff filed this action.[1]

Plaintiff makes an additional claim against the Commissioner of the Georgia Department of Corrections, Brian Owens, for denying his grievance based on the same matter in October 2014. While this claim is probably not time barred, the allegations do not state a claim because the denial of a grievance alone, without some other connection to the alleged violation of Plaintiff's constitutional rights, cannot establish liability under section 1983. *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009).

In sum, venue in the Northern District of Florida is improper, and transfer of this already time barred action is not in the interest of justice. Accordingly, it is respectfully **RECOMMENDED** that this action should be dismissed pursuant to 28 U.S.C. § 1406(a)

---

[1] Section 1983 has no statute of limitations of its own, but is governed by the forum state's general personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 236 (1989). Plaintiff's cause of action accrued in Georgia, which has a personal injury statutory limitation period of two years. Ga. Code. Ann. § 9-3-33 (1982). While Georgia is the proper forum state, Florida is where the Plaintiff filed the instant Complaint. The personal injury statute of limitations for Florida is four years, *see* Fla. Stat § 95.11(3), and also has run; thus, this action would be barred under either the Florida or Georgia personal injury statute of limitations.

*Case No: 4:14-cv-627-RH-GRJ*

because this action was filed in the wrong district.

**IN CHAMBERS** at Gainesville, Florida this 25th day of November 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.